IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | | |
|---|---|---|
| IN RE:  Yasmin and YAZ | ) | |
| (Drospirenone) Marketing, Sales | ) | 3:09-md002100-DRH-CJP |
| Practices and Products Liability | ) | |
| Litigation | ) | MDL No. 2100 |
| | ) | |

_____

**This Document Relates to:**

*Phil Gallo and Randi Daugherty, as*
*parents and Guardians of Machala L. Gallo*
*and in their own right, v.*
*Bayer Healthcare Pharmaceuticals, Inc.*        No. 3:11-cv-20176-DRH-PMF

<u>**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND**</u>

**HERNDON, Chief Judge:**

**I.     INTRODUCTION**

This case was initially filed with the Court of Common Pleas of Lawrence County, Pennsylvania after the plaintiffs'[1] daughter allegedly suffered severe and permanent injuries due to her use of YAZ.  The defendant, Bayer Healthcare Pharmaceuticals, Inc. ("Bayer") removed the matter to federal court on the basis of diversity jurisdiction.  The plaintiffs contend that removal was untimely and are seeking remand to state court.  The question before the Court is whether service

---

[1] Plaintiffs, Phil Gallo and Randi Daughtery have filed this action as parents and guardians of Machala L. Gallo.

of a writ of summons, standing alone, triggers the 30 day removal period under 28 U.S.C. § 1446(b).

## II.     BACKGROUND

On January 7, 2011, the plaintiffs commenced this action by serving Bayer with a writ of summons.[2] As required under Pennsylvania law, the summons included the plaintiffs' names, Bayer's name, the date, and notice that an action had been commenced against Bayer in Lawrence County Pennsylvania. The summons did not include, and under Pennsylvania law was not required to include,[3] any information regarding the nature of the suit, the amount in controversy, or the citizenship of the parties. Although the writ of summons was served in January 2011, the complaint was not filed until November 3, 2011. Bayer received service of the complaint on November 7, 2011. On November 28, 2011, 21 days after the complaint was served and 25 days after it was filed, Bayer filed a notice of removal in the United States District Court for the Western District of Pennsylvania. The plaintiffs then filed various motions and objections in the Western District of Pennsylvania arguing that removal was untimely because the 30 day time period for removal was triggered in January 2011 when Bayer received the writ of summons. Subsequently, the Judicial Panel for

---

[2] In Pennsylvania, a party may commence an action in one of two ways: (1) by filing a praecipe for writ of summons or (2) by filing a complaint. Pa. R. Civ. P. 1007 (2012).

[3] Under Pennsylvania law, a writ of summons need only state the county in which the action is brought, the name of the defendant, notification that the named plaintiff has commenced an action against the defendant, and the date. Pa. R. Civ. P. 1351 (2012).

Multidistrict Litigation transferred the plaintiffs' action to this MDL.[4] The plaintiffs' motion to remand was still pending at the time of transfer. Nonetheless, the plaintiffs filed a second motion to remand after the action was transferred to this Court.

### III.   The Issue in Dispute

The parties do not dispute that there is complete diversity between the plaintiffs, who are citizens of Pennsylvania, and Bayer, who is a citizen of Delaware and New Jersey. The only disputed issue is whether Bayer's removal was timely.

28 U.S.C. § 1446(b) governs the timeliness of Bayer's removal. Section 1446(b) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[4]  The conditional transfer order was filed in this District Court on December 12, 2012. *See* MDL 2100 Doc. 2160. Accordingly, the conditional transfer order became effective and terminated the jurisdiction of the transferor court on December 12, 2011. *See* JPML Rule 7.1 (conditional transfer orders become effective when filed with the clerk of the transferee district court). This means that the Western District of Pennsylvania did not have jurisdiction over the case when it issued its order dated December 14, 2011 (although the action was not electronically transferred to this Court until December 15, 2011 the relevant date for jurisdictional purposes is the date the conditional transfer order was *filed*, December 12, 2011). This point, however, does not alter the status of this case. The transferor court's December 14th order simply denied plaintiffs' motion for stay of transfer and deferred ruling on plaintiffs' motion to remand. The transferor district court did note that if it were going to rule on plaintiffs' motion to remand, the motion would be denied.

28 U.S.C. § 1446(b). Accordingly, the timeliness of removal depends on the defendant's "receipt" of the "initial pleading."

In the instant case, the plaintiffs argue that "receipt" of the "initial pleading" occurred in January 2011, when the writ of summons was served. Bayer contends that where, as here, a defendant is served with the summons but the complaint is filed or served at a later date, "receipt" of the "initial pleading" refers to the defendant's receipt of the complaint.

Accordingly, the issue before the Court is whether service of a writ of summons, standing alone, constitutes "receipt" of an "initial pleading" within the meaning of Section 1446(b). If it does, the 30 day removal period was triggered in January 2011 and Bayer's removal was untimely. On the other hand, if the period for removal under Section 1446(b) runs from Bayer's receipt of the complaint, removal was timely because it was filed on November 28, 2011, 21 days after the complaint was served and 25 days after it was filed.

## IV.  ANALYSIS

In *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed. 2d 448 (1999), the United States Supreme Court evaluated the 30 day removal period established in Section 1446(b). The issue before the Supreme Court was "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run. Or, may the 30 day period start earlier, on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint faxed by counsel for plaintiff?"

*Murphy Brothers*, 526 U.S. 344 at 347.  The Supreme Court concluded that a defendant's time to remove "is triggered by simultaneous service of summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id*. at 348.

In reaching this decision, the Supreme Court considered the legislative history of Section 1446(b).  The Supreme Court noted that prior to the enactment of Section 1446(b), "a defendant could remove a case any time before the expiration of her time to respond to the complaint under state law."  *Id.* at 351.  This practice caused disparity in the removal process because the time limits for responding to a complaint varied from state to state; thus, the time for removal likewise varied.  *Id.*

In 1948, in an effort to reduce this disparity, Congress enacted the original version of § 1446(b).  *Id*.  As originally enacted, Section 1446(b) provided as follows: The petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later.  See Act of June 25, 1948, 62 Stat 939, as amended 28 U.S.C. § 1446(b).  Congress intended for this provision to "give adequate time and operate uniformly throughout the Federal jurisdiction."  H.R. Rep. No. 308, 80th Cong., 1st Sess., A135 (1947) *quoted in Murphy Brothers*, 526 U.S. 344 at 351.  Congress soon realized, however, that the original enactment of Section 1446(b) did not give adequate time or operate uniformly in all states.  *Murphy Brothers*, 526 U.S. 344

at 351. Congress was particularly concerned with the adequacy of the removal period in states such as New York wherein "service of the summons commenced the action, and such service could precede the filing of the complaint." *Id*. The Supreme Court explained that as originally enacted, Section 1446(b) was problematic because the period for removal in such a state could have expired before the defendant obtained access to the complaint. *Id*.

In 1949, "[t]o ensure that the defendant would have access to the complaint before commencement of the removal period," Congress enacted the current version of Section 1446(b). *Id*. Pursuant to the 1949 amendment, "[t]he petition for removal of a civil action or proceeding shall be filed within twenty [now thirty][5] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Act of May 24, 1949, § 83(a), 63 Stat. 101. The Supreme Court specifically noted the legislative history that accompanied the 1949 amendment which states as follows:

> In some States suits are begun by the service of a summons or other process without the necessity of filing any pleading until later. As the section now stands, this places the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about. As said section is herein proposed to be rewritten, a defendant is not required to file his petition for removal until 20 days after he has received (or it has been made available to him) a copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for. It is believed that this will meet the varying conditions of practice in all the States.

---

[5] The period for removal was extended from 20 days to 30 days in 1965. *See* Act of Sept. 29, 1965, 79 Stat. 887.

S. Rep. No. 303 81 Cong., 1 Sess. 6 (1949), *quoted in Murphy Brothers*, 526 U.S. 344 at 352. The Supreme Court also made note of divergent state practices and their effect on the 30 day removal period. The Supreme Court's commentary on these issues is informative. The Supreme Court stated:

> The various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories. See ibid. In each of those categories, the defendant's removal period will be no less than 30 days from service, and in some of the categories, it will be more than 30 days from service, depending on when the complaint is received. First, if the summons and complaint are served together, the 30-day removal period runs at once. *Second, if the defendant is served with the summons but is furnished with the complaint sometime after, the removal period runs from the receipt of the complaint.* Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Murphy Brothers*, 526 U.S. 344 at 345-346. (emphasis added). Considering the above, it seems the Supreme Court had the policies of states such as Pennsylvania in mind and expressly stated that in such states, where summons precedes the complaint, the 30 day clock will not begin until *after* the defendant has been served with the complaint.

The Seventh Circuit Court of Appeals has not yet had the opportunity to interpret the Supreme Court's decision in *Murphy* or to address the specific issue before this Court. In *Silva v. City of Madison*, 69 F.3d 1368, 1374 (7th Cir. 1995), however, the Seventh Circuit made note of reasoning behind the 1949 amendment to Section 1446(b). The Appellate Court explained Section 1446(b)

was amended to "require that a defendant have access to the complaint before he had to remove the action." *Id.* at p. 1374. The Seventh Circuit's commentary in *Silva* indicates that if the Seventh Circuit were presented with the issue, it would conclude that in states such as Pennsylvania, where a summons may precede the complaint, the 30 day clock is not triggered until the complaint is received.

The above interpretation has been rejected by the United States Court of Appeals for the Second Circuit. *See Whitaker v. American Telecasting, Inc.,* 261 F.3d 196 (2nd Cir. 2001) (concluding that "initial pleading" does not necessarily refer to a complaint and holding that a summons with notice that "provides information from which a defendant can ascertain removability" may start the 30 day removal period even if a complaint has not been served). *Id*. at 204. The United States Court of Appeals for the Third Circuit, however, has expressly rejected the *Whitaker* opinion. In *Sikirica v. Nationwide Insurance Company*, 416 F.3d 214 (3rd Cir. 2005) the Third Circuit Stated as follows:

> A summons may not serve as an initial pleading under Murphy Bros. .... [T]he Supreme Court's use of the term "complaint" to mean "initial pleading" in Murphy Bros. was not merely an inadvertent accommodation of the facts. The Court, addressing the situation where a complaint is received after service of the summons, explicitly held that the time to remove is triggered by "receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons ...." If the Court had intended that a summons could be the initial pleading, its holding would not have distinguished between receipt of the complaint and service of the summons.

*Id.* at 222.

This Court is persuaded that if the Seventh Circuit were to address the issue, it would agree with the Third Circuit's interpretation of *Murphy Brothers* in *Sikirica*.[6]  In *Murphy Brothers*, the Supreme Court explicitly addressed the situation in which the defendant is "served with the summons but the complaint is furnished ... sometime after" and stated that in such a situation "the period for removal runs from the defendant's receipt of the complaint." *Murphy Brothers*, 526 U.S. at 354, 119 S.Ct. 1322.  Thus, *Murphy Brothers* seems to clearly indicate that it is receipt of the complaint and not the summons that triggers the 30 day removal period.  If the summons, standing alone, were enough to trigger the 30 day removal period, then in states such as Pennsylvania, a defendant might be required to remove an action before having access to the complaint.  This is the very situation that, according to the Supreme Court in *Murphy Brothers* and the Seventh Circuit in *Sikirica*, Congress intended to avoid when it amended Section 1446(b) in 1949.

For the reasons discussed herein, the Court finds that the 30 day time period of Section 1446(b) did not commence on January 7, 2011 when the summons was served.  Accordingly, Bayer's removal was timely and the plaintiffs' motion to remand is DENIED.

---

[6]  Notably, even if the Court were to apply the Second Circuit Court of Appeals interpretation, the summons in the instant case would not have triggered the 30 time period.  The summons at issue in this case did not contain enough information for Bayer to assess removability.

V. **CONCLUSION**

The 30 day removal period did not begin to run in January 2011. Therefore, Bayer's removal, filed on November 28, 2011 - 21 days after the Complaint was served and 25 days after it was filed – was timely. The plaintiffs' motion to remand is DENIED.

**IT IS SO ORDERED.**

Signed this 18th day of July 2012

David R. Herndon
2012.07.18
15:28:46 -05'00'

**Chief Judge
United States District Court**